No. 725.—MARI SYDONIA RICHARD *v.* J. J. BEAUCHAMP, Sheriff, et al.

The allegations in a petition for injunction against an order of seizure and sale show, that the consideration of the debt for which the mortgage was given was Confederate notes, and that petitioner is the surviving partner of her deceased husband, and, as such, is entitled to one thousand dollars out of his estate by preference. Held—that the petition disclosed an interest in preventing the payment of this illegal debt, and therefore disclosed a cause of action.

A bill of exceptions to the rejection of evidence by the judge must state the grounds on which it was rejected.

APPEAL from the District Court, parish of St. Landry. *Bailey,* J. *B. A. Martel & Hudspeth,* for plaintiff and appellant, *Henry L. Garland,* for defendants and appellees.

LUDELING, C. J.    The plaintiff enjoined the sale of property belonging to the succession of her husband, which was about to be sold under an order of seizure and sale.    Of the many reasons stated in the petition for injunction, it will be sufficient to notice only the following: The plaintiff alleges that she *has learned* that her husband is dead;

that she is entitled to be paid one thousand dollars out of his succession by preference, by virtue of act No. 255 of the General Assembly, passed seventeenth March, 1852, and that the mortgage was executed to secure a note given for Confederate notes.

The defendants move to dissolve the injunction because the allegations in the petition disclose no cause of action, and because the oath is insufficient.

The plaintiff swears that the facts and allegations contained in the petition are true.

These allegations show that the note, secured by the mortgage attempted to be enforced, was given for the illicit currency issued by the Confederate States and that the plaintiff has an interest in preventing the collection thereof.

The motion to dissolve the injunction should have been overruled. Constitution of Louisiana, article 127, and Foster, and McAllister, executor, v. The Bank of New Orleans, 21 An.

A bill of exceptions was taken by the plaintiff to the ruling of the judge a quo rejecting certain evidence. The bill of exceptions does not inform us what was the objection urged by defendant—hence we cannot act upon it. Article 488 C. P., declares that in the bills of exceptions shall be concisely set forth the grounds of the exception so taken.

For the reasons given, it is ordered that the judgment of the lower court be avoided and reversed—that the motion to dissolve the injunction be overruled, and that the case be remanded to the District Court to be proceeded with according to law.

It is further ordered that the appellees pay the costs of this appeal.